# United States Court of Appeals
## For the First Circuit

No. 21-1366

JAMES E. PIETRANGELO, II,

Plaintiff, Appellant,

v.

CHRISTOPHER SUNUNU, individually and in his official capacity as
Governor of the State of New Hampshire, LISA MORRIS,
individually and in her capacity as Director of NH Division of
Public Health Services; LORI SHIBINETTE, individually and in her
capacity as Commissioner of NH Department of Health and Human
Services; ELIZABETH DALY, individually and in her capacity as
Chief of NH Bureau of Infectious Disease Control

Defendants, Appellees,

UNKNOWN DOES, in their individual and official capacities,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Lynch and Barron, Circuit Judges,
and Burroughs,* District Judge.

James E. Pietrangelo, II on brief pro se.
Laura E. B. Lombardi, Senior Assistant Attorney General, and
Samuel R. V. Garland, Assistant Attorney General, on brief for

_____
* Of the District of Massachusetts, sitting by designation.

appellees.

October 1, 2021

**LYNCH**, **Circuit Judge**.  In the early stages of COVID-19 vaccine distribution, the State of New Hampshire implemented a plan to allocate its then-scarce supply.  Under the plan, at least ninety percent of the state's supply would be distributed in phases based on age, occupation, and medical risk.  The overall plan also earmarked up to ten percent of vaccines to an "equity plan" in order "to reach vulnerable individuals residing in census tracts identified as at risk of disproportionate impact from COVID-19." Pietrangelo v. Sununu, No. 21-cv-124-PB, 2021 WL 1254560, at *2 (D.N.H. Apr. 5, 2021).  The factors the state used to designate census tracts as high risk included "minority status and language." New Hampshire residents who lived in those high-risk census tracts could qualify for an equity-plan vaccine by meeting one of ten criteria, including identifying as a racial or ethnic minority.

Before he obtained a vaccine appointment, plaintiff James E. Pietrangelo, II sued to challenge the equity plan. Pietrangelo, who is white and was then age fifty-five, argued that the plan illegally discriminated on the basis of race.  He sought a preliminary injunction, which the district court denied after concluding Pietrangelo failed to establish a substantial likelihood of standing.  Id. at *5.  Pietrangelo appealed from that denial of injunctive relief.  As we determine that his claims are moot, we dismiss this appeal.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ACLU of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (quoting D.H.L. Assocs., Inc. v. O'Gorman, 199 F.3d 50, 54 (1st Cir. 1999)). When we can no longer "give any 'effectual relief' to the potentially prevailing party," we must dismiss the case. Id. (quoting Horizon Bank & Tr. Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004)). Unless an exception to the doctrine applies, to do otherwise would be to render an advisory opinion, which Article III prohibits. See id. at 52-53.

By the time the district court denied preliminary relief, New Hampshire was providing vaccines to all of its residents older than sixteen. And since then, the supply of vaccines available to New Hampshire, like the rest of the country, has skyrocketed. As a result, vaccine scarcity is no longer the problem it once was. Since early July, the demand for vaccines in New Hampshire has plateaued. See State of New Hampshire, Vaccination Dashboard (last visited Sept. 30, 2021), https://www.covid19.nh.gov/dashboard/vaccination.[1] Vaccine supply

---

[1] While our review is generally limited to the record below, see Fed. R. App. P. 10, we may take judicial notice of facts which are "capable of being determined by an assuredly accurate source." United States v. Hoyts Cinemas Corp., 380 F.3d 558, 570 (1st Cir. 2004); see Fed. R. Evid. 201(b)(2). The accuracy of

in New Hampshire currently outstrips demand.  See Ctrs. for Disease Control & Prevention, COVID Data Tracker: COVID-19 Vaccinations in the United States (last visited Sept. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#vaccinations (showing in New Hampshire 1,750,221 doses administered and 2,142,860 doses delivered); id. (showing seven-day average of 119 newly vaccinated individuals per day).  As for Pietrangelo, because he scheduled a vaccine appointment in April 2021, he no longer has any stake in how New Hampshire allocates its abundant supply of vaccines.  His claim for a preliminary injunction is thus moot.

Pietrangelo's arguments to the contrary fail.  He argues that the state's "voluntary compliance" cannot moot the case, that he may need to receive a booster shot, that the equity plan increases his risk of contracting a breakthrough infection from an unvaccinated person, and that, if moot, the case presents a question capable of repetition yet evading review.[2]  Starting with the voluntary compliance argument, the point is not that New Hampshire changed its actions but that a court can provide him with no relief.  Nor does Pietrangelo's speculation about booster

---

state and federal vaccine distribution data cannot be reasonably questioned, and we take judicial notice of them.

[2]  Pietrangelo also argues that his claims for declaratory relief and damages are still live.  Whether that contention is true, those claims are not before us in this interlocutory appeal from the denial of a preliminary injunction.

shots affect the mootness of his efforts to enjoin New Hampshire's plan to deal with limited vaccine supplies earlier this year. As to Pietrangelo's concerns about non-vaccinated New Hampshire residents, the widespread availability of vaccines makes the risk based on the record before us far too insubstantial to qualify as a concrete injury. See Equal Means Equal v. Ferriero, 3 F.4th 24, 29 (1st Cir. 2021). Finally, this controversy is not capable of repetition yet evading review because we have no reason to think that New Hampshire will face a vaccine supply crunch in the future. See FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 463 (2007).

The appeal is dismissed.